**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Graham Wollaston, d.b.a. Scrap Computer.Com,<br><br>            Plaintiff,<br><br>vs.<br><br>E-Scrap Technologies, Inc., et al.,<br><br>            Defendants.<br>_____<br>E-Scrap Technologies, Inc., et al.,<br><br>            Counterclaimants,<br><br>vs.<br><br>Graham Wollaston, d.b.a. Scrap Computer.Com,<br><br>            Counter-defendant.<br>_____ | No. CV 06-2072-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the Motion for Partial Summary Judgment[1] (Doc. 28) filed by Plaintiff Graham Wollaston d.b.a. Scrapcomputer.com ("Scrapcom") against E-Scrap

---

[1] See LRCiv 56.2; LRCiv 7.2(f); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 728-29 (9th Cir. 1991) ("When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice" when oral arguments are not held on motions for summary judgment.)

1  Technologies, et al. ("E-Scrap").  Plaintiff seeks summary judgment on the counterclaims
2  filed against him on the grounds that the language of the Agreement clearly and
3  unambiguously creates an obligation in Defendant to pay for all "commercial transport"
4  charges.  After careful consideration, the Court issues the following ruling.

## BACKGROUND

6  Scrapcom seeks summary judgment on the issue of who is responsible for the shipping
7  costs in connection with the business as outlined in the Agreement between the parties.
8  Scrapcom contends that the shipping costs are E-Scrap's obligation pursuant to the plain
9  language of the Agreement.  In contrast, E-Scrap avers that the language in the Agreement
10  setting forth the obligation is ambiguous and therefore cannot be decided on summary
11  judgment.

12  On or about April 7, 2005, the E-Scrap Technologies, Inc and ScrapComputer.Com
13  USA Inc., entered into an agreement ("Agreement") to embark on a joint venture to create
14  the Chicago Branch of Scrapcom.  Pursuant to the Agreement, E-Scrap paid an initial
15  $50,000 investment to Scrapcom.  On February 16, 2006, E-Scrap sent a letter to Scrapcom
16  complaining that Scrapcom had failed to deliver various items they were obligated to deliver
17  pursuant to the Agreement.  Thereafter, on August 9, 2006, E-Scrap terminated its
18  relationship with Scrapcom in a letter from John J. Chitowski, Esq.

19  On August 29, 2006, Scrapcom filed a Complaint against E-Scrap asserting claims for
20  breach of contract, violation of the Uniform Trade Secrets Act, conversion, and unjust
21  enrichment.  In response, on September 18, 2006, E-Scrap filed an Answer denying all
22  allegations and a Counterclaim asserting claims for unjust enrichment, breach of contract,
23  breach of the covenant of good faith and fair dealing, intentional interference with business
24  relations, and conversion.  In the Counterclaim, E-Scrap contends that Scrapcom failed to
25  provide support services and equipment to E-Scrap, failed to pay money due and owing
26  within the agreed upon time period, and billed E-Scrap for shipping and drayage charges the
27  parties previously agreed would be paid by Scrapcom.

28

## STANDARD OF REVIEW

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *see also Jesinger*, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Jesinger*, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322; *see also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *See Celotex*, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88 (1986); *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir. 1995).

**DISCUSSION**

Scrapcom seeks summary judgment on the issue of who is responsible for shipping costs in connection with the business venture entered into between E-Scrap and Scrapcom and pursuant to the corresponding Agreement between the parties. E-Scrap avers that Scrapcom is not entitled to summary judgment because the provision it relies upon for its contention is ambiguous. It is well established Arizona law that a written contract, plain and unambiguous on its face, may not be altered or varied by parol evidence, and that its interpretation is a matter of law for the court, and not one of fact for the jury. *Chandler Imp. Co. v. Andersen*, 7 P.2d 255, 257 (Ariz.1932). Determining whether a contract is ambiguous is a question of law for the Court to decide. *Abrams v. Horizon Corp.,* 137 Ariz. 73, 669 P.2d 51 (1983). "If the agreement can be reasonably construed in more than one manner, the terms are ambiguous and subject to a determination by the trier of fact about the intent of the parties, based on extrinsic evidence." *Leo Eisenberg & Co., Inc. v. Payson*, 785 P.2d 49, 52 (Ariz.,1989); *Leikvold v. Valley View Comm. Hosp.,* 688 P.2d 170, 174 (1984); *United Cal. Bank v. Prudential Ins. Co.*, 681 P.2d 390, 416 (App.1983).

Here, the Agreement provides in pertinent part: "Owner [E-Scrap] agrees to provide suitable warehousing and commercial transportation at owners' expense."

In the present case, Defendant Wollaston contends that it is clear and unambiguous that the intent of the parties was that E-Scrap was responsible for commercial transportation charges including shipping costs. Therefore, Wollaston argues that the counterclaim relating to shipping costs must fail as a matter of law. In contrast, E-Scrap contends that the provision in the Agreement that Scrapcom relies upon is ambiguous because the meaning of "commercial transportation" is not defined therein and remains unclear. E-Scrap argues that, at the time the Agreement was executed in April 2005, it was the intent of the parties that E-Scrap would be responsible for finding customers and picking up the equipment from the customers; however, once the equipment was picked up, it was the parties' expectation that E-Scrap would contact Graham Wollaston, and Scrapcom would be responsible for shipping

1 the equipment. E-Scrap's contention is supported by the declaration of Arthur Miller, an
2 agent and consultant of Scrapcom during all times relevant to the law suit. (Doc 36-2. Ex.
3 E). Furthermore, E-Scrap contends that contrary to Scrapcom's assertion otherwise, it was
4 the parties' intent at the time the Agreement was executed, that Scrapcom would pay for all
5 E-waste collected by E-Scrap and that Scrapcom would be responsible for all shipping and
6 drayage charges from the warehouse to the demanufacturing facility in Malaysia or any other
7 final destination. This contention is supported by correspondence between the parties
8 provided to the Court by E-Scrap. (Doc 36-2. Ex. D).

9 Thus, E-Scrap asserts that because the term "commercial transportation" is susceptible
10 to more than one plausible meaning, the contract provision is ambiguous and the matter is
11 not proper for summary judgment disposition. *Leo Eisenberg*, 785 P.2d at 52. Based on the
12 record, and viewing the facts and inferences in the light most favorable to the nonmoving
13 party, as the Court is required to do, the Court finds that "commercial transportation" is
14 susceptible to more than one meaning and Scrapcom's Motion for Partial Summary Judgment
15 (Doc. 28) is **DENIED**.

## CONCLUSION

17 Accordingly,

18 **IT IS HEREBY ORDERED DENYING** Plaintiff Graham Wollaston d.b.a.
19 Scrapcom's Motion for Partial Summary Judgment (Doc. 28).

20 DATED this 12th day of April, 2007.

Stephen M. McNamee
United States District Judge